UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RODNEY BRADSHAW,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 04-1422 (PLF)
                                    )
MIKE JOHANNS, et al.,               )
                                    )
            Defendants.             )
_____)

MEMORANDUM OPINION

This matter comes before the Court on defendants' partial motion to dismiss the plaintiff's second amended complaint. Upon consideration of defendants' motion, plaintiff's response, and defendants' reply, the Court will grant the partial motion to dismiss.

Plaintiff brings this action under the Equal Credit Opportunity Act of 1972 ("ECOA"), 15 U.S.C. § 1691, claiming that he has been discriminated against because of his race.[1] His allegations include that his loan applications have been mishandled and denied, the defendants have retaliated against him because he has filed discrimination complaints, and that defendants "enforced monetary offsets against Plaintiff in furtherance of their goal to destroy his farming operation." Plaintiff's Second Amended Complaint ¶ 34. Defendants' partial motion to dismiss the plaintiff's second amended complaint seeks to dismiss with prejudice (1) all claims against defendants Mike Johanns and Vernon Parker in their individual capacities; (2) all of

---

[1] Plaintiff also states in his complaint that he is a "member of a protected class as that phrase is defined in the Civil Rights Act of 1964," but does not appear to bring any claims under that statute, nor do any further references to that statute appear in his second amended complaint. See Second Amended Complaint at ¶ 32.

plaintiff's claims predating August 23, 2002 as precluded by the <u>Pigford</u> Consent Decree and barred by the ECOA's statute of limitations; and (3) those of his claims that relate to the investigation of his administrative complaints and administrative offsets as not being covered by the ECOA.  Plaintiff's "Uncontested Response to Defendants' Motion to Dismiss" consents to the dismissals of the claims against the defendants in their individual capacities and "all claims against Defendants prior to August 23, 2002."  Uncontested Response to Defendant's Motion to Dismiss ("Pl's Response") at 1.

        Plaintiff's response contains no reference to the issue of ECOA claims relating to administrative complaints and administrative offsets that defendants seek to dismiss.  Defendants urge in their reply that all claims based on failure to conduct "thorough investigations" of administrative complaints and claims based on administrative offsets and other activities occurring after August 23, 2002, but related to activities occurring before that date, therefore be treated as conceded.  With regard to the first issue – defendants' investigation of administrative complaints – defendants argue that the ECOA regulates discrimination only as it relates to "credit transactions," which does not include the investigation of claims.  <u>See</u> 15 U.S.C. § 1691(a); <u>Wise v. Glickman</u>, 257 F. Supp. 2d 123, 127 (D.D.C. 2003).  With regard to the second issue – claims brought regarding administrative offsets – defendants argue that administrative offsets likewise fall outside the scope of the ECOA and that the statute actually requires the USDA to administratively offset debts.  <u>See</u> 31 U.S.C. § 3711(g)(9); <u>Bradshaw v. Veneman</u>, 338 F. Supp.2d 139, 144 (D.D.C. 2004).  In addition to arguing that plaintiff has conceded defendants' argument as to administrative offsets by failing to oppose it in the current response, defendants also argue that plaintiff conceded the argument in a previous filing.  The defendants filed a

previous motion to dismiss, which was dismissed as moot after plaintiff was permitted to file a second amended complaint. In the opposition to that first motion to dismiss, plaintiff stated that "any debts or administrative offsets associated with those debts cannot form the basis for Plaintiff's present ECOA claims." Plaintiff's Response in Opposition to Defendants' [First] Motion to Dismiss ¶ 23.

The Court agrees with defendants that by not addressing these arguments in his response, plaintiff has conceded them. The partial motion to dismiss was filed on August 15, 2005, plaintiff's response was filed on November 5, 2005, and defendant's reply in support of the partial motion to dismiss was filed on November 21, 2005. Plaintiff has had plenty of time to respond to these arguments and appears to have conceded them both through words and inaction.

Accordingly, defendant's partial motion to dismiss will be GRANTED, and defendants Mike Johanns and Vernon Parker will be dismissed in their individual capacities as defendants in this case. A separate order consistent with this Memorandum Opinion will be issued this same day.

_____/s/_____
PAUL L. FRIEDMAN
DATE: March 13, 2006                United States District Judge