**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RODNEY BRADSHAW, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civ. No. 04-1422 (PLF/JMF) |
| MIKE JOHANNS, et al., | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| GEORGE HILDEBRANDT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 04-1423 (PLF/JMF) |
| | ) |
| MIKE JOHANNS, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING ALL DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION FOR DISMISSAL OR OTHER SANCTIONS PURSUANT TO FED. R. CIV. P. 37(b)2 and 41(b)**

Plaintiffs, by and through undersigned counsel, file their opposition to Defendants' protective order staying all discovery in the two cases at bar and would show upon the Court the following:

1

## SUMMARY OF OPPOSITION

1.     Plaintiffs oppose Defendant's protective order motion on the bases that Defendant is attempting to avoid providing Plaintiffs the information and documentation only he possesses and which go directly to the merits of the Plaintiffs' Equal Credit Opportunity Act discrimination claims. More, Defendant has sought and gained agreement from Plaintiffs a thirty day extension from April 27, 2007, the discovery's due date, to May 29, 2007 to answer discovery.[1] There is no need for a protective order for

---

[1] **E-MAIL COMMUNICATION:** _____

**From:** James W Myart Jr. [mailto:jwmyartlaw@satx.rr.com]
**Sent:** Wednesday, April 04, 2007 2:04 PM
**To:** 'LaMorte, Tara (CIV)'
**Cc:** 'G.J Myart'; 'jamesec3@yahoo.com'
**Subject:** RE: Confirmation of 4-4-07 meet and confer

**Yes Ma'am, your recitations are correct and accurately reflect our conversation and agreements.**

**James Myart**
_____

**From:** LaMorte, Tara (CIV) [mailto:Tara.LaMorte@usdoj.gov]
**Sent:** Wednesday, April 04, 2007 12:06 PM
**To:** James W Myart Jr
**Subject:** Confirmation of 4-4-07 meet and confer

**Hi Mr. Myart,**

**This email is to confirm the substance of our meet and confer, held by telephone on April 4. If you recall anything differently, please inform me immediately.**

**I informed you that Defendants will be filing a motion to stay discovery pending the Court's ruling on Defendants' motion for dismissal or other sanctions -- as that motion requests that the Court either dismiss Bradshaw v. Johanns and Hildebrandt v. Johanns, or otherwise impose sanctions including precluding Plaintiffs from propounding discovery -- and asked whether you oppose a stay. You stated that you opposed Defendants' motion to stay discovery, and explained your belief that an order issued by Judge Friedman on December 28th stayed all deadlines in the case, but did not stay discovery.**

**I also asked for an extension of 30 days to respond to Plaintiffs' discovery requests in the event the Court denies Defendants' motion for a stay and/or denies Defendants' motion for dismissal or other sanctions. You agreed. Therefore, by my calculation and absent Court order to the contrary, Defendants' responses to Plaintiffs' requests for admission, interrogatories, and document production requests are due to be served May 29th.**

**Sincerely,**

**Tara M. La Morte
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 514-1275 (phone)
(202) 616-8202 (fax)**

any reason cited in Defendant's motion and argument other than to delay the setting of a trial date and a trial on the merits.

## DISCOVERY PROCEDURAL HISTORY

2.     The scheduling order set the close of discovery for December 29, 2007. (Docket # 53)

3.     On December 28, 2007, the Honorable Judge Paul Friedman vacated all the discovery deadlines and referred the case to the Honorable Magistrate Judge Facciola to set new deadlines. *(MINUTE ORDER that in view of the status of discovery matters in this case as described in Magistrate Judge Facciola's December 22, 2006 Order, the status conference currently scheduled for January 5, 2007 at 9:15 a.m. is CANCELLED. All discovery and briefing deadlines currently set in this case are likewise VACATED. It is further ordered that this action is referred to Magistrate Judge Facciola for management of all pre-trial matters,* **including the setting of new deadlines for discovery and dispositive motions briefing.** *Signed by Judge Paul L. Friedman on 12/28/06. (lcplf2) (Entered: 12/28/2006.)*

## ARGUMENT

4.     In view of the fact that the discovery deadlines were vacated and to move the matters toward trial, Plaintiffs propounded discovery, interrogatories, requests for admissions, and requests for production, upon Defendants on March 27, 2007. Discovery attached.

5.     Defendant has complained that he is or has been unable to discover the factual bases of Plaintiffs' claims and that Plaintiffs' failure to undertake any affirmative discovery justifies dismissal of the actions. Def. Motion for Sanctions, p. 11 and 15.

(Docket # 60). Plaintiffs are doing, by propounding discovery pursuant to the rules, exactly what it is Defendant has complained Plaintiff has not done – prosecuting the case.

6. Yet, Defendant seeks now a protective order essentially staying their responses to discovery while awaiting the Court's decision on a motion for sanctions. In their sanctions' motion, the Defendant implores the Court to dismiss the cases as punishment to Counsel and Plaintiffs for Counsel's "flagrant and repeated discovery abuses and continued disobedience" of the Court. Def. Motion for Protective Order, p.2; See also Def. Motion for Sanctions.

7. It is well settled that the Court has the authority to control discovery. The cases cited by the Defendant make that point quite clearly. The distinction, however, is that the cases cited speak to stays of discovery where there is a "dispositive" as opposed to a "potentially dispositive" motion to dismiss or for summary judgment. Here, the dismissal motion is based on alleged discovery violations in a case where the scheduling order was only almost six months old and where there has not been set a trial date. A dispositive motion should go to the merits or a pleading failure.

8. More, Defendant does not cite cases from this District Court to support staying discovery because a sanctions motion is pending.

9. Again, as stated in *Shea*, the Defendant is not so prejudiced as to warrant a dismissal or limitation of the evidence. ***Shea v. Donahue Construction Association, Inc.*** 795 F.2d 1071, (D.D.C 1986). And if this is true, then Defendant should, with his already granted extension of time to respond, answer the propounded discovery in order that this matter may proceed to trial.

4

10.     Plaintiffs respectfully request the Court deny the Defendant's motion for protective order.

Respectfully submitted,

James W. Myart, Jr. P.C.
1104 Denver Blvd.
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815
By:/s/_____
James W. Myart, Jr.
Federal Bar No. TX0021
Jwmyartlaw@satx.rr.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served under Rule 5 of the Federal Rules of Civil Procedure this 16th day of April, 2007 to the following:

Tara LaMorte
Michael Sitcov
Brian G. Kennedy
Joshua Z. Rabinovitz
United States Department of Justice
Civil Division, Room 7340
20 Massachusetts Avenue, NW
Washington, D.C. 20530

/s/_____
James W. Myart, Jr.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RODNEY BRADSHAW,** | ) |
| Plaintiffs, | ) |
| | ) Civ. No. 04-1422 (PLF/JMF) |
| **MIKE JOHANNS, et al.,** | ) |
| Defendants. | ) |

| | |
|---|---|
| **GEORGE HILDEBRANDT, et al.,** | ) |
| Plaintiffs, | ) |
| v. | ) Civ. No. 04-1423 (PLF/JMF) |
| **MIKE JOHANNS, et al.,** | ) |
| Defendants. | ) |

## **PROPOSED ORDER**

After reviewing argument of Counsel, the Court is of the opinion that Defendant's protective order motion should be **DENIED**.

**SO ORDERED.**

_____
**UNITED STATES MAGISTRATE**

6