UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY BRADSHAW,<br><br>    Plaintiff,<br><br>    v.<br><br>MIKE JOHANNS *et al.*,<br><br>    Defendants. | Civil Action No. 04-1422 (PLF/JMF) |
| GEORGE HILDEBRANDT, JR. and<br>PATRICIA HILDEBRANDT,<br><br>    Plaintiffs,<br><br>    v.<br><br>MIKE JOHANNS *et al.*,<br><br>    Defendants. | Civil Action No. 04-1423 (PLF/JMF) |

**MEMORANDUM OPINION**

These two related cases were referred to me for discovery. Currently pending and ready for resolution in these consolidated cases are the government's two motions to dismiss or for other sanctions. These motions are both captioned Defendants' Motion for Dismissal or other Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b).[1] For the reasons stated below, I recommend that both motions be denied without prejudice while plaintiffs first comply with Rule 6(b) of the Federal Rules of Civil Procedure.

---

[1] In Bradshaw v. Johanns, 04-1422, the motion appears as [#60] on the docket while in Hildebrandt v. Johanns, 04-1423, the motion appears as [#63] on the docket.

## BACKGROUND

Plaintiffs in these two actions bring these suits against Mike Johanns, the United States Secretary of Agriculture, alleging[2] that the United States Department of Agriculture ("USDA") violated the Equal Credit and Opportunity Act of 1972 ("ECOA"), 15 U.S.C. § 1691.[3]

After a discovery status held on December 4, 2006, this Court stayed all deadlines and ordered (*inter alia*) that:

1. Plaintiffs' counsel correlate, by January 5, 2007, the documents previously produced in response to Defendants' First Set of Requests for Production of Documents to the specific requests propounded in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.
2. Plaintiffs' counsel correlate, by January 5, 2007, the answers previously given in response to Defendants' First Set of Interrogatories.
3. Defendants' letters to plaintiffs' counsel, dated August 30, 2006, be deemed motions to compel, and plaintiffs' counsel's arguments the opposition thereto.
4. Plaintiffs' counsel shall, by January 5, 2007, either supplement any previously answered requests for production of documents or interrogatories as detailed in the defendants' counsel's August 30, 2006 or show cause in writing by the same date, why he should not be required to do so.
5. Plaintiffs counsel shall provide defendants' counsel with signed copies of his discovery responses.

## DISCUSSION

On January 5, 2007, the deadline for compliance with my Order, nothing happened. On January 12, 2007, defendants, having heard nothing, filed their motions for dismissal. Plaintiffs then filed two motions for extensions of time within which to file their oppositions. While both

---

[2] In Plaintiff's Second Amended Complaint, plaintiff also claims "that he is a member of a protected class as that phrase is defined in the Civil Rights Act of 1964," although, as noted by Judge Friedman in his Memorandum Opinion of March 13, 2006, no claims appear to have been made under that statute.  See Plaintiff's Second Amended Complaint ¶ 32; Memorandum Opinion of March 13, 2006 (PLF).
[3] All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

motions were granted, it is true that, as defendants note, "neither of Plaintiffs' enlargement motions requested additional time to comply with the Court's December 22 order, directing Plaintiffs to supplement their discovery responses." <u>Defendants' Reply Memorandum of Points and Authorities in Support of Their Motion for Dismissal or Other Sanctions Pursuant to Fed R. Civ. P. 37(b)(2) and 41(b)</u>[4] at 3. Instead, on February 12, 2007, plaintiffs moved for a third extension of time to file their opposition to defendants' motions and, for the first time, requested an enlargement of time within which to file their supplementary discovery responses, now overdue by more than a month.[5]

The Court granted that motion and plaintiffs' provided defendants' counsel with supplemental responses to the first set of interrogatories in both cases on February 23, 2007. On that same day, plaintiffs moved for a one day enlargement of time within which to deliver discovery. It was granted and responses to the first set of requests for production of documents were received on February 26, 2007. The Court now realizes, however, that its granting of plaintiffs' motions to enlarge the time within which plaintiffs had to comply with the Court's December 22, 2005 Order was an abuse of discretion.

Since the applications to enlarge the time within which to comply with the Court's order were filed after January 5, 2007, the deadline for complying with the obligations imposed by that Order, they had to be accompanied by a motion establishing that the failure to act in accordance with the deadlines was "the result of excusable neglect." Fed. R. Civ. P. 6(b).

In <u>Smith v. District of Columbia</u>, 430 F.3d 450, 457 (D.C. Cir. 2005), this Court granted a motion for summary judgment that had been filed long after the deadline for filing had passed.

---

[4] In <u>Bradshaw v. Johanns</u>, 04-1422, the reply appears as [#68] on the docket while in <u>Hildebrandt v. Johanns</u>, 04-1423, the motion appears as [#71] on the docket.

[5] In <u>Bradshaw v. Johanns</u>, 04-1422, the motion appears as [#64] on the docket while in <u>Hildebrandt v. Johanns</u>, 04-1423, the motion appears as [#68] on the docket.

The Court nevertheless granted the motion and attempted to alleviate the prejudice caused plaintiff by awarding her attorneys fees for the work her lawyer did that she would not have had to do had the District of Columbia not filed its motion when it did.  The Court of Appeals, however, reversed the grant of summary judgment and indicated that Rule 6(b) means exactly what it says:

> We have been quite deferential to Rule 6(b) decisions in the past, even affirming a deadline extension that was granted without a formal finding of excusable neglect when the court found no prejudice to the other party. [FN5] *See Yesudian ex rel. United States v. Howard Univ.,* 270 F.3d 969, 971 (D.C.Cir.2001). In *Yesudian,* however, we found that the Rule 6(b)(2) motion requirement may have been satisfied by a memorandum filed by the **\*368 \*457** requesting party. *Id.* Here, the District concedes that it never moved for an extension of the deadline. In the absence of any motion for an extension, the trial court had no basis on which to exercise its discretion. *See Lujan,* 497 U.S. at 896, 110 S.Ct. 3177 (stating that " any *post* deadline extension must be 'upon motion made' "). Under these circumstances, then, we are compelled to conclude that the district court abused its discretion in entertaining the late motion for summary judgment on Smith's disability discrimination claim.

Id. at 457.

Identically here, my granting of plaintiffs' motions for extensions of time were an abuse of discretion and must be vacated.  Plaintiffs will now have to file a motion for leave to file that complies with Rule 6(b) by establishing excusable neglect.  The defendants may then file an opposition and plaintiffs may reply thereto.  In the meanwhile, Defendants' Motion for Dismissal or Other Sanctions Pursuant to Fed. R.Civ. 37(b)(2) and 41(b) in both cases will be denied without prejudice.

An Order accompanies this Memorandum Opinion.

            ____/s/_____
            **JOHN M. FACCIOLA**
**Dated:  September 11, 2007**    **U.S. MAGISTRATE JUDGE**