UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RODNEY BRADSHAW,                    )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   Civil Action No. 04-1422 (PLF)
                                    )
SONNY PERDUE, Secretary, United     )
States Department of Agriculture,   )
                                    )
            Defendant.              )
_____)

MEMORANDUM OPINION AND ORDER

On May 5, 2015, the Court issued an Opinion and Order granting in part and denying in part the motion for summary judgment filed by the United States Department of Agriculture ("USDA"). See Bradshaw v. Vilsack, 102 F. Supp. 3d 327 (D.D.C. 2015). As a result, the only claim of Mr. Bradshaw remaining for trial relates to his non-receipt of a loan in 2003, for which he originally applied in 2002. See id. at 334. As the Court noted in its opinion, there is a genuine issue of material fact concerning whether Mr. Bradshaw submitted relevant paperwork, a matter which Department of Agriculture Farm Loan Manager Dwight Jurey vehemently disputes. Both Mr. Bradshaw and Mr. Jurey will be witnesses at trial. As the Court also pointed out in its opinion of May 5, 2015, "Mr. Bradshaw faces a formidable challenge in persuading [the factfinder] that Dwight Jurey has lied about not receiving Bradshaw's paperwork as a means of cloaking racial discrimination. This is particularly so given the evidence that Jurey appears to have worked diligently over several years to shepherd a number of Mr. Bradshaw's loan applications through the process." Id. at 332. In sum, it appeared to the Court that while

summary judgment could not be granted to USDA, Mr. Bradshaw would have a very difficult time satisfying his burden of proof by a preponderance of the evidence at trial.

This case is set for a trial before the Court beginning on July 31, 2018. Counsel for the parties have repeatedly assured the Court that it would last no more than three days. Having now reviewed the joint pretrial statement, that prognosis seems difficult to credit. Plaintiff says he intends to call at least three witnesses and perhaps as many as nine. See Joint Pretrial Statement at 11-14 [Dkt. No. 214]. The combined direct testimony of the three definite witnesses is estimated to last twelve hours. Id. at 12. If all nine witnesses are called, the direct testimony will take twenty hours – approximately four days of trial without allowing for any cross-examination or redirect. Id. at 12-14. USDA plans to call between five and seven witnesses; their direct examination is expected to last thirteen hours – another 2-1/2 trial days. Id. at 14-16. Furthermore, the joint pretrial statement suggests that there will be over 300 exhibits offered in evidence at trial. Id. at 16-38. Why so many witnesses and so many exhibits – and so many trial days – in what was supposed to be a simple case? The parties are reminded that, at its core, the trial is about whom to believe, Mr. Bradshaw or Mr. Jurey. The factfinder must make a credibility determination in what is essentially a "he said-he said" kind of case. Given the complexity the parties seem now to have injected into this heretofore simple case, and the lawyer and judicial resources they now think will be required, this case cries out for settlement, not trial.

The Court recognizes that the parties and their lawyers have attempted to settle this case and have engaged in settlement discussions over a number of years. Nevertheless, now is the time to resume such discussions in earnest. According to a joint status report filed by the parties on September 11, 2017, Mr. Bradshaw continues to believe that it is in the interest of the

parties to try to resolve the issues between them by negotiating a settlement. Joint Status Report at 1-2 [Dkt. No. 184]. He states that he has been diligently working to formulate a revised settlement and has been making a good faith effort to address USDA's asserted objections to prior proposals. Id. USDA reports that it advised Mr. Bradshaw that the parties would not be able to reach a settlement that involved restructuring or rescheduling Mr. Bradshaw's delinquent loans. Id. at 2-3. It therefore "invited plaintiff's counsel to propose another path," but reports that neither Mr. Bradshaw nor his counsel has presented any alternative proposals nor contacted government counsel to discuss settlement any further. Id. at 3.

Alternatives must be proposed and solutions must be explored. And the Court is prepared to promptly appoint an experienced mediator or refer the matter to a magistrate judge to facilitate discussions. Accordingly, it is hereby

ORDERED that on or before July 9, 2018, the parties shall meet and confer and file a joint proposal requesting the immediate designation of either a magistrate judge or a court-appointed mediator to assist in the final resolution of this matter.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 28, 2018