UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RODNEY BRADSHAW,                    )
                                    )
              Plaintiff,            )
                                    )
       v.                           )     Civil Action No. 04-1422 (PLF)
                                    )
SONNY PERDUE, Secretary, United     )
States Department of Agriculture,   )
                                    )
              Defendant.            )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion in Limine to Admit Evidence of Subsequent FSA Loan Transactions [Dkt. No. 212]. Plaintiff opposes the motion. The matter has been fully briefed, and the Court heard oral argument on the motion at the final pretrial conference on July 23, 2018. For the reasons that follow, the Court will grant defendant's motion and admit the evidence at trial.

As a part of its defense against plaintiff Rodney Bradshaw's discrimination claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., defendant Sonny Perdue, Secretary of the United States Department of Agriculture ("USDA"), proposes to introduce evidence of nine subsequent loan applications and/or transactions between Mr. Bradshaw and the Federal Farm Service Agency ("FSA"), a division of USDA, that occurred between 2005 and 2008. Defendant USDA argues that this evidence is relevant to its defense at trial because it tends to negate two aspects of plaintiff's claim – his claim that FSA, rather than plaintiff, stopped processing the loan and, more importantly, his allegation that Dwight Jurey, a

farm loan manager at FSA, acted with discriminatory intent. Defendant's position is that Mr. Jurey worked diligently over many years to assist Mr. Bradshaw with loan applications, and particularly in 2003 to process Mr. Bradshaw's 2002-2003 loan application that is the subject of the discrimination claim in this case. USDA argues that the proffered evidence of these nine subsequent loan applications and how they were handled by Mr. Jurey is probative of Mr. Jurey's motive and intent and therefore should be admitted under Rule 404(b)(2) of the Federal Rules of Evidence.[1]

Mr. Bradshaw responds through counsel that the nine subsequent loan transactions are not probative of Mr. Jurey's or USDA's motive or intent in 2002 or 2003. First, he contends that the evidence of transactions from 2005 to 2008 is too remote in time to be relevant, having occurred after Mr. Bradshaw filed this lawsuit and many years after the 2002-2003 loan application at issue. Second, and relatedly, he argues that by the time of these later transactions, he had already filed this lawsuit and put USDA and Mr. Jurey on notice that their actions were under scrutiny. Plaintiff contends that Mr. Jurey could well have changed his conduct in light of the allegations in the lawsuit. According to Mr. Bradshaw, rather than serving as evidence of motive or intent under Rule 404(b)(2), this evidence is inadmissible propensity evidence which must be excluded under Rule 404(b)(1). Plaintiff maintains that the subsequent transaction evidence is irrelevant to Mr. Jurey's motive and intent in 2003.

Defendant USDA has the better of the argument. Though evidence of "crimes, wrongs, or other acts" is never admissible to establish the propensity to engage in similar

---

[1] USDA also argues in the alternative that this evidence is admissible under Rule 406 of the Federal Rules of Evidence governing habit and routine practice. Because the Court agrees with USDA that the evidence is admissible under Rule 404(b)(2), it need not reach this issue.

behavior, evidence of other acts similar to the act at issue in the underlying lawsuit may be admitted to show motive or intent, provided that the relevance of the evidence is not outweighed by its tendency to unfairly prejudice the opponent of the evidence. See FED. R. EVID. 403, 404(b); Williams v. Johanns, 245 F.R.D. 10, 13 (D.D.C. 2007). Furthermore, so long as the danger of unfair prejudice does not substantially outweigh the probative value of the evidence, FED. R. EVID. 403, Rule 404(b) does not automatically bar evidence of a "bad act" merely because it occurred subsequent to the events underlying the claim at issue in the case. See United States v. Watson, 894 F.2d 1345, 1349 (D.C. Cir. 1990). While the passage of time between a defendant's later acts and his earlier state of mind certainly might attenuate the relevance of such evidence and make such evidence somewhat less probative, see id. at 1349, that is a matter that goes to the weight to be accorded to the evidence, not to its admissibility. See Nuskey v. Hochberg, 723 F. Supp. 2d 229, 234 (D.D.C. 2010) ("[s]ubsequent actions . . . may be less probative of . . . intent than prior actions . . . . [but] they may still be relevant to intent."); see also Elion v. Jackson, 544 F. Supp. 2d 1, 9 (D.D.C. 2008).

Plaintiff does not dispute that he must prove by a preponderance of the evidence that his 2002-2003 loan application was denied because of his race and that Mr. Jurey's state of mind is relevant to that inquiry. It follows that evidence concerning the subsequent loan transactions would tend to show how Mr. Jurey handled these matters and dealt with Mr. Bradshaw over many years – with care and diligence or, as plaintiff maintains, with racial animus. It therefore is relevant to rebutting Mr. Bradshaw's claim that Mr. Jurey and others at FSA were motivated by racial discrimination.[2] While plaintiff is free to argue at trial that this

---

[2] To the extent that this evidence tends to show that FSA stopped processing Mr. Bradshaw's loan for reasons other than Mr. Jurey's discriminatory intent (such as

subsequent transaction evidence is not incompatible with discriminatory intent or that some or all of it should be given little weight because of its remoteness, these arguments go to the weight of the evidence, not its admissibility.

Having concluded that the proffered evidence is probative of Mr. Jurey's and USDA's motive and intent under Rule 404(b)(2), the Court also notes that any danger of unfair prejudice under Rule 403 of the Federal Rules of Evidence is particularly unlikely in this case, as this is a bench trial. See DL v. District of Columbia, 109 F. Supp. 3d 12, 29 (D.D.C. 2015). Furthermore, because USDA plans to introduce this evidence primarily through a summary chart, there is little, if any, danger of wasted trial time sufficient to outweigh the probative value of the evidence. See Elion v. Jackson, 544 F. Supp. 2d at 9. For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion in Limine [Dkt. No. 212] to Admit Evidence of Subsequent FSA Loan Transactions is GRANTED; and it is

FURTHER ORDERED that defendant shall be permitted to introduce evidence at trial concerning the nine loan applications and/or transactions between plaintiff and FSA that occurred subsequent to the November 2002 application at issue, as described in Exhibit A to defendant's motion.

SO ORDERED.

DATE: July 25, 2018

_____/s/_____
PAUL L. FRIEDMAN
U.S. District Judge

---

Mr. Bradshaw's decision to withdraw the application), the evidence is relevant for that purpose as well.