UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RODNEY BRADSHAW,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )    Civil Action No. 04-1422 (PLF)
                                    )
SONNY PERDUE, Secretary, United     )
States Department of Agriculture,   )
                                    )
                Defendant.          )
_____)

MEMORANDUM OPINION

    During the final pretrial conference on July 23, 2018, plaintiff Rodney Bradshaw invoked his right under Rule 615 of the Federal Rules of Evidence to sequester witnesses at the bench trial that began yesterday, July 31, 2018. In response, defendant Sonny Perdue, Secretary of the United States Department of Agriculture ("USDA"), designated Dwight Jurey as its party representative pursuant to Rule 615(b). In the motion in limine presently before the Court, Mr. Bradshaw moves to exclude Mr. Jurey from the courtroom for the duration of trial or, at a minimum, during Mr. Bradshaw's testimony. See Plaintiff's Motion in Limine to Sequester Defense Party Representative Dwight Jurey ("Mot.") [Dkt. No. 232] and Memorandum of Law in Support ("Mem.") [Dkt. No. 232-1]. Defendant USDA opposes the motion. See Defendant's Opposition to Motion ("Opp'n") [Dkt. No. 233]. Upon careful consideration of the parties' filings, the relevant legal authorities, and the entire record in this case, the Court granted the motion by separate Order [Dkt. No. 234] on July 30, 2018. This Memorandum Opinion explains the reasons for that Order.

Rule 615 of the Federal Rules of Evidence provides that, at the request of a party, the Court must order witnesses excluded so that they cannot hear the testimony of other witnesses. Rule 615(a) exempts a party who is a natural person from this directive. And Rule 615(b) "does not authorize excluding . . . an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." FED. R. EVID. 615(b). "The sequestration rule serves two primary purposes: to prevent a witness from tailoring his testimony in light of the testimony of other witnesses, and to permit the discovery of false testimony and other problems relating to credibility." Minebea Co., Ltd. v. Papst, 374 F. Supp. 2d 231, 233 (D.D.C. 2005); see Queen v. Wash. Metro. Area Transit Auth., 842 F.2d 476, 481-82 (D.C. Cir. 1988). As Judge Selya observed in United States v. Sepulveda, "the sequestration process involves three parts: preventing prospective witnesses from consulting each other; preventing witnesses from hearing other witnesses testify; and preventing prospective witnesses from consulting witnesses who have already testified." United States v. Sepulveda, 15 F.3d 1161, 1176 (1st Cir. 1993).

In his motion, Mr. Bradshaw does not contest Mr. Jurey's designation as defendant's party representative under Rule 615(b). See Mem. at 1 n.1. Rather, Mr. Bradshaw contends that the Court may sequester Mr. Jurey notwithstanding this designation in order to ensure that Mr. Jurey "cannot mold his testimony to respond to the testimony of the other critical witness in this case, Mr. Bradshaw." Id. at 1. Defendant responds that as defendant's designated party representative, Mr. Jurey is entitled to remain in the courtroom for the duration of the trial. See Opp'n at 3-4. Defendant further argues that because Mr. Jurey's expected testimony is clear from prior testimony and motion practice, it is unlikely that Mr. Bradshaw's testimony will color Mr. Jurey's testimony. See id. at 2.

The question is whether Mr. Jurey – as defendant's designated party representative under Rule 615(b) – may properly be excluded from the courtroom during some or all of the trial proceedings. This appears to be an open question in this District. As Judge Kollar-Kotelly explained: "Rule 615 does not bar the Court from excluding [party representatives]; it 'merely withholds authorization for the[ir] exclusion' . . . . This is a subtle difference that suggests the Court may still 'have discretion to exclude these individuals so long as that power derives from a source other than Rule 615, such as the court's general powers to manage the conduct of trial.'" United States ex rel. El-Amin v. George Washington Univ., 533 F. Supp. 2d 12, 48 (D.D.C. 2008) (quoting 29 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6245); see United States v. Mosky, No. 89-0669, 1990 WL 70819, at *3 (N.D. Ill. May 14, 1990) (invoking Rule 611 to exclude government's Rule 615 case agent from the courtroom until after he had testified).

"Courts have broad discretion to achieve [the goals of sequestration] and 'may make whatever provisions [they deem] necessary to manage trials in the interests of justice . . . including the sequestration of witnesses before, during, and after their testimony.'" Minebea Co., Ltd. v. Papst, 374 F. Supp. 2d at 233 (quoting United States v. Sepulveda, 15 F.3d at 1176). In addition, Rule 611 of the Federal Rules of Evidence authorizes the trial court to "exercise reasonable control over the mode and order of examining witnesses . . . so as to . . . make those procedures effective for determining the truth." FED. R. EVID. 611(a)(1). "Several cases suggest that courts still have discretion to exclude a Rule 615(b) witness" pursuant to the Court's general powers to manage the conduct of trial or Rule 611. See 29 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6245; United States v. Mosky, 1990 WL 70819, at *3 (exercising discretion under Rule 611 and Rule

3

102 to sequester witness until after he had testified, despite his designation as government's case agent under Rule 615); see also United States v. Engelmann, 701 F.3d 874, 877 (8th Cir. 2012) ("A person designated as a party's representative can be present in the courtroom during witness testimony, and '[t]he decision whether to allow the government's agent to testify even though the agent sits at the counsel table throughout the trial is left to the trial court's discretion.'") (quoting United States v. Sykes, 977 F.2d 1242, 1245 (8th Cir. 1992)); United States v. Charles, 456 F.3d 249, 257-58 (1st Cir. 2006) (while Rule 615(b) has "severely curtailed the discretion of the trial court to sequester the government's case agent," the Rule does not withdraw all discretion from the trial court to exclude a case agent "in an exceptional case") (quoting United States v. Machor, 879 F.2d 945, 953 n.2 (1st Cir. 1989)).[1]

The Court finds that the circumstances of this case warrant limited sequestration of Mr. Jurey pursuant to the Court's general powers to manage the conduct of trial and to control the mode and order of witness presentation under Rule 611. The purpose of the sequestration rule is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion. See Minebea Co., Ltd. v. Papst, 374 F. Supp. 2d at 236.

---

[1] Defendant cites multiple appellate court decisions affirming the trial court's decision not to sequester a designated party representative or case agent under Rule 615. See Opp'n at 3-4. But these cases address a trial court's authority to exempt party representatives from sequestration under Rule 615, not whether the trial court has discretion to sequester a properly-designated party representative under either Rule 611 or its inherent powers to manage the conduct of trial. Furthermore, in these cases, the appellate court recognized that the trial court had discretion to exclude or not to exclude. See, e.g., United States v. Lee, 834 F.3d 145, 162 (2d Cir. 2016) (trial court did not err by declining to sequester party representative under Rule 615); United States v. Rivera, 971 F.2d 876, 889 (2d Cir. 1992) (trial court did not err by declining to sequester government's case agent under Rule 615); United States v. Valencia-Riascos, 696 F.3d 938, 940 (9th Cir. 2012) (no abuse of discretion where trial court permitted government's case agent to sit at counsel table during trial under Rule 615); Nanoski v. Gen. Motors Acceptance Corp., 874 F.2d 529, 531 (8th Cir. 1989) (affirming trial court's refusal to sequester party representative under Rule 615).

This trial is about whom to believe, Mr. Bradshaw or Mr. Jurey. It is a "he said-he said" kind of case that turns largely on the credibility of these two witnesses recalling events that occurred over fifteen years ago. As the Court has previously explained, "Mr. Bradshaw faces a formidable challenge in persuading [the factfinder] that Dwight Jurey has lied about not receiving Bradshaw's paperwork as a means of cloaking racial discrimination. This is particularly so given the evidence that Jurey appears to have worked diligently over several years to shepherd a number of Mr. Bradshaw's loan applications through the process." Bradshaw v. Vilsack, 102 F. Supp. 3d 327, 334 (D.D.C. 2015).

Permitting Mr. Jurey to remain in the courtroom during Mr. Bradshaw's testimony would risk jeopardizing the truth-seeking function of the proceeding by providing the opportunity for defendant's critical fact witness to – consciously or subconsciously – shape his testimony to counter what he has heard from plaintiff's critical fact witness in court rather than simply recount events from fifteen years ago as he remembers them. See Kozlowski v. Hampton Sch. Bd., 77 Fed. Appx. 133, 153 (4th Cir. 2003) ("When a witness is properly sequestered, that witness loses his ability to re-characterize his testimony in light of damaging contradictory testimony by other witnesses or to explain away inconsistencies."). Excluding Mr. Jurey from the courtroom during Mr. Bradshaw's testimony under these circumstances will avoid such a result. See United States v. Mosky, 1990 WL 70819, at *3; United States v. Farnham, 791 F.2d 331, 335 (4th Cir. 1986) (trial court erred in refusing to sequester government's Rule 615 case agent in part because "[s]crupulous adherence to [the sequestration rule] is particularly necessary in those cases in which the outcome depends on the relative credibility of the parties' witnesses"); see also Opus 3 Ltd. v. Heritage Park, Inc., 91 F.3d 625, 629 (4th Cir. 1996)

5

(affirming trial court's decision to sequester expert witness who was also a fact witness testifying to facts crucial to disputed issues).[2]

For these reasons, by Order issued on July 30, 2018, the Court granted plaintiff's Motion in Limine to Sequester Defense Party Representative Dwight Jurey [Dkt. No. 232]. Mr. Jurey will be excluded from the courtroom during the testimony of Mr. Bradshaw, but not during the testimony of any other witnesses. The application of Rule 615 to fact witnesses other than Mr. Bradshaw and Mr. Jurey is set forth in the Court's Order of July 30, 2018.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 1, 2018

---

[2] The Court leaves open the question for now whether to exclude Mr. Jurey from the courtroom if Mr. Bradshaw testifies as part of plaintiff's rebuttal case.